# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00243-FDW

| | |
|---|---|
| LAWRENCE U. DAVIDSON III, | )
| Appellant, | )
| vs. | ) ORDER
| INVESTORS TITLE INSURANCE COMPANY, | )
| Appellee, | ) |

THIS MATTER comes now before the Court upon Appellant's appeal of summary judgment entered by the Bankruptcy Court on May 12, 2008. (Doc. No. 1.) Appellant filed a timely notice of appeal, both Appellant and Appellee have filed their briefs, and this matter is now ripe for review. For the reasons stated below, the judgment of the Bankruptcy Court is AFFIRMED.

## BACKGROUND

Appellant represented Ms. Lucille Morrison ("Morrison") in a civil action ("Title Litigation") that, among other things, sought to invalidate the deed ("Morrison Deed") that purportedly vested Morrison with ownership of certain real property located at 411 Sardis Road, Charlotte, North Carolina ("Sardis Road Property"). (Bankr. Order, Doc. No. 1, at 2.) During the course of the Title Litigation, Appellant and Morrison entered into a Contingent Fee Agreement which provided that Appellant's legal fees would be contingent and that such contingency fee would be secured by a deed of trust ("Deed of Trust") on the Sardis Road Property. (Id.)

Appellant and Morrison were successful in the trial phase of the Title Litigation, and the judgment was appealed. During the pendency of the appeal in the Title Litigation, Morrison entered into a contract with Lennar Carolina Inc. ("Lennar") for the purchase and sale of the Sardis Road Property. (Id. at 3.) While conducting a title examination of the Sardis Road Property, Lennar's attorney identified the Deed of Trust purporting to secure Appellant's contingency fee and a Notice of Lis Pendens, which had been filed in connection with the Title Litigation. (Id.) During conversations regarding the Title Litigation and the status of title to the Sardis Road Property, Appellant made false statements to Lennar's attorney regarding the status of the Title Litigation. (Id. at 4.)

In reliance upon the Appellant's false representations that the Lis Pendis was extinguished as a result of the trial court judgment, that the Title Litigation had been successful, and that there were no issues in regard to Morrison's title conveyance of the Sardis Road Property, Appellee issued a title policy ("Policy") on the Sardis Road Property in which Lennar was the insured. (Id. at 4-5.) On July 29, 2004, the sale of the Sardis Road Property from Morrison to Lennar was completed and Appellant was paid from the closing proceeds to satisfy the Appellant's Deed of Trust which purportedly secured his Contingency Fee Agreement with Morrison. (Id. at 5.) On January 18, 2005, the North Carolina Court of Appeals reversed the trial court's judgment in favor of Morrison, and granting the appellant's motion for judgment notwithstanding the verdict. (Id.) As a result, the Morrison Deed and Appellant's Deed of Trust were set aside. (Id.)

By failing to disclose to Lennar's attorney, prior to the July 29, 2004 closing on the Sardis Road Property, that the litigation concerning said property was on appeal to the North Carolina Court of Appeals and by misrepresenting to Lennar's attorney that the litigation was successful and that his contingent attorney fees were owed, Appellant made false statements of material fact, engaged

in conduct involving dishonesty, fraud, deceit and misrepresentation, and collected an attorney fee that was unearned and excessive. (Id. at 6.) As a result of this misconduct, Defendant was disbarred from the practice of law in North Carolina. (Id.) Defendant did not appeal the Disciplinary Ruling. (Id.)

Pursuant to the terms of the title insurance policy, Appellee paid Lennar to settle Lennar's claims arising out of the sale of the Sardis Road Property and the title insurance policy, thereby causing Appellee to be subrogated and assigned to the rights of Lennar. (Id.) Appellee initiated a civil action in the General Court of Justice for Mecklenburg County, Superior Court Division ("State Court Action") and obtained a judgment against Appellant in the total amount of $497,381.00 for compensatory and punitive damages resulting from Appellant's fraud and misrepresentation. (Id. at 6-7.) Appellant materially participated in the pre-trial discovery and in the jury trial in the State Court Action. (Id. at 7.) Appellant appealed the judgment in the State Court Action. However, his appeal was dismissed. (Id.)

On June 29, 2007, Appellant filed a voluntary petition for bankruptcy protection. Appellee filed an adversary proceeding objecting to the dischargability of Appellant's debt to Appellee and Appellant filed an Answer. On March 14, 2008, Appellee filed a Motion for Summary Judgment, a Brief in Support of Motion for Summary Judgment, and a Notice of Hearing. On April 8, 2008, the Motion for Summary Judgment was heard by the Honorable Craig J. Whitley. On May 12, 2008, the Bankruptcy Court entered an Order granting Appellee's Motion for Summary Judgment. On May 27, 2008, Appellant filed his Notice of Appeal.

## ANALYSIS

### A. Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal; a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law *de novo*. In re Wilson, 149 F.3d 249, 251-52 (4th Cir. 1998). The bankruptcy court's findings of fact will not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013; In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). Here, as the bankruptcy court ruled on a summary judgment motion, the decision is reviewed *de novo*. In re Johnson, 960 F.2d at 399.

### B. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Rule 56 of the Federal Rules of Civil Procedure applies to summary judgment in bankruptcy proceedings. Fed. R. Bankr. P. 7056. When ruling on a motion for summary judgment the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586.

### C. Res Judicata, Collateral Estoppel, and Due Process

The doctrine of res judicata bars the relitigation of claims that have been or could have been litigated in a prior suit if: (1) the first suit concluded in a final judgment on the merits, (2) the second suit involves the assertion of claims by persons who were parties or in privity with parties in the first suit, and (3) the claims asserted in the second suit are based on the same transactions and occurrences as the first suit. Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987) (citing Montana v. United States, 440 U.S. 147, 153 (1979)). The doctrine of res judicata may apply to nondischargeability proceedings in bankruptcy court. Brown v. Felsen, 442 U.S. 127, 132 (1979). Furthermore, state judicial proceedings are entitled to the same full faith and credit in federal courts as they enjoy in the courts of the state from which they are taken. 28 U.S.C. § 1738.

Here, a review of the facts demonstrates that the elements of res judicata have been satisfied. The State Court Action resulted in a final judgment on the merits in favor Appellee. The State Court Action involved both Appellant and Appellee as parties and was based on the same transactions and occurrences. Because the elements of res judicata have been met, Appellant is barred from relitigating the issue of damages.

Collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had "a 'full and fair opportunity' to litigate that issue in the earlier case." Allen v. McCurry, 449 U.S. 90, 94-95 (1980). State court judgments can collaterally estop parties from relitigating issues in federal bankruptcy court. In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006) (citing In re Ansari, 113 F.3d 17, 19 (4th Cir. 1997)). In order to determine whether a state court judgment has such a preclusive effect in an adversary proceeding, the Court must apply the relevant state law of collateral estoppel. In re Duncan, 448 F.3d at 728. North Carolina defines the elements of collateral estoppel as: (1) identical issues, (2) raised and actually litigated in prior

litigation, (3) material and relevant to the disposition of the prior action, and, (4) necessary and essential to the resulting judgment. State v. Summers, 528 S.E.2d 17, 20 (N.C. 2000) (citing King v. Grindstaff, 200 S.E.2d 799, 805 (N.C. 1973)).

The record reveals that the elements of collateral estoppel have been met. The identical issues of whether or not Appellant made false representations, engaged in conduct involving fraud, and, as a result, obtained the debt by false pretenses were actually litigated in the Disciplinary Ruling. These issues were material and relevant to the disposition, as well as necessary and essential to the resulting judgment of the Disciplinary Ruling. Issue preclusion serves an important function because "judicial resources are always conserved by avoiding duplicative relitigation of identical issues." Combs v. Richardson, 838 F.2d 112, 115 (4th Cir. 1988). Therefore, because Appellant has had a full and fair opportunity to litigate the issue of his conduct involving fraud, deceit, and misrepresentation, and because the interests of justice are served by avoiding relitigation of identical issues, Appellant is barred from contesting the fact that the debt was obtained by fraud and resulted from defalcation while he was acting as a fiduciary.

Appellant contends that, in accordance with the Supreme Court's decision in Allen v. McCurry, an exception to res judicata and collateral estoppel exists in the instant case because he did not have "a full and fair opportunity to litigate" his claim. (Appellant's Br. at 12-13.) According to Appellant, the State Court Action violated his due process rights because the State Court Action improperly determined the issue of Lennar's reliance on Appellant's fraudulent statements. (Id. at 14.) Appellant states that Lennar's counsel "failed and resorted to lying and deception to recover from his negligent position." (Id. at 15.) Appellant claims further that the Disciplinary Ruling "reflected the same vindictive attitude and no proof." (Id. at 12.) The Court is not persuaded by Appellant's current contentions, and notes the fact that Appellant did not appeal the decision of the

Disciplinary Ruling. (Bankr. Order, Doc. No. 1, at 6.) Simply put, Appellant has offered no evidence, other than his own conclusory allegations, that "the same level of due process that occurs in a lynching" was present at either the State Court Action or Disciplinary Ruling. (Appellant's Br. at 25.) Accordingly, the Court declines to find that Appellant was denied due process.

## CONCLUSION

The Court is satisfied that the Bankruptcy Court properly assessed the prerequisites for claim and issue preclusion, and that Appellant is therefore barred from relitigating the question of whether the debt was obtained by false pretenses, false representations, and actual fraud, and that the debt resulted from defalcation while Appellant was acting as a fiduciary. Accordingly, the Bankruptcy Court's order granting summary judgment to Appellee is AFFIRMED.

**IT IS SO ORDERED.**          Signed: September 25, 2008

Frank D. Whitney
United States District Judge